UNITED STATE BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Suzanne J. Barber | ) | CASE # 6:10-bk-143388-KSJ |
| | ) | CHAPTER 7 |
| _____ Debtor _____ | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| Donald Pierce Barber | ) | CASE # 6:12-bk-00408-KSJ |
| | ) | CHAPTER 7 |
| _____ Debtor _____ | ) | |

### TRUSTEES' JOINT  MOTION TO APPROVE COMPROMISE OF CONTROVERSY

Comes now Gene T. Chambers ("Chambers"), the duly appointed and acting Trustee for Suzanne J. Barber, Case No. 6:10-bk-14338-KSJ and Richard B. Webber II ("Webber"), the duly appointed and acting Trustee for Donald Pierce Barber, Case No. 6:12-bk-00408-KSJ, pursuant to F.R.B.P. 9019, moves for approval of a proposed compromise between the Bankruptcy Estate of Donald Pierce Barber ("Mr. Barber"), the Bankruptcy Estate of Suzanne J. Barber ("Mrs. Barber"), R.J. Reynolds Tobacco Company ("R.J. Reynolds"), and Philip Morris USA Inc. ("PM USA") and shows the Court the following:

1.     Debtor, Donald Pierce Barber, filed a Chapter 7 bankruptcy petition on January 12, 2012.

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date of service of this paper and docketing of same.  If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at United States Bankruptcy Court, 400 W. Washington St, Ste. 5100, Orlando, FL  32801,and serve a copy on, Gene T. Chambers, P.O. Box 533987, Orlando, FL 32853 and a copy to United States Trustee Office, 400 W. Washington St, Ste. 1100, Orlando, FL 32801.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

2.      Mr. Barber possessed a personal injury claim against R.J. Reynolds and PM USA in the Circuit Court of Volusia County, Florida Civil Division, Case No. 2008-30102-CICI, prior to the date of filing of the bankruptcy petition and failed to disclose same to Trustee Webber.

3.      On information and belief, Mr. Barber passed away on or about March 30, 2012.

4.      Mrs. Barber filed a Chapter 7 bankruptcy petition on August 13, 2010.

5.      Mrs. Barber possessed a personal injury claim against R.J. Reynolds and PM USA in the Circuit Court of Volusia County, Florida Civil Division, Case No. 2008-30102-CICI, prior to the date of filing of the bankruptcy petition and failed to disclose same to Trustee Chambers.

6.      Mrs. Barber is now the Plaintiff in the personal injury claim as an Individual and as Personal Representative of the Estate of Donald Barber.

7.      R.J. Reynolds has negotiated a settlement of the claim with Webber and Chambers for the sum of $35,000.00 with $17,500.00 to each Trustee.  A copy of the Settlement Agreement is attached as Exhibit "A" and incorporated by reference herein.  Trustees Webber and Chambers believe the compromise of the claim for $35,000.00 is reasonable.

8.      PM USA has negotiated a settlement of the claim with Webber and Chambers for the sum of $30,000.00 with $15,000.00 to each Trustee.  A copy of the Settlement Agreement is attached as Exhibit "B" and incorporated by reference herein.  Trustees Webber and Chambers believe the compromise of the claim for $30,000.00 is reasonable.

9.      Trustees believe that said settlements are in the best interest of the creditors and that it provides a certainty of recovery, it terminates further expenses and it provides a distribution to the creditors of the Chapter 7 Estates.

[11000-827/5412215/1]

10.     Trustees believe that jurisdiction over these claims is in Bankruptcy Court under 28 USC §1334 and §157(b)(2)(B) and 11 USC §541 and the automatic stay under 11 USC §362(a) stops state court litigation.

11.     Trustees also believe claims are property of the Estate, and therefore, subject to their administration only in Bankruptcy Court.

WHEREFORE, Trustees Webber and Chambers move this Court to enter an Order approving these compromises and for all other relief as is just and proper under the circumstances of the cases.

I HEREBY CERTIFY that a true and correct copy of the foregoing Joint Motion was furnished by first class United States Mail, postage prepaid, or by electronic delivery, to: the Estate of Donald Pierce Barber, 765 ANNETTE ROAD, NEW SMYRNA BEACH, FL 32168; Pro Se; Suzanne Barber, 765 ANNETTE ROAD, NEW SMYRNA BEACH, FL 32168; Larry Strauss, 118 Isle Verde Way, Palm Beach Gardens, FL 33418; Gary, Williams, Parenti, Watson & Gary, 221 E. Osceola St, Stuart, FL 34994; Hill Ward Henderson, PO Box 2231, Tampa, FL 33601; Shook, Hardy & Bacon, 100 North Tampa St, Ste. 2900, Tampa, FL 33602; US Trustee, 400 W. Washington St, Ste. 1100, Orlando, FL 32801; and to all persons on the mailing matrix attached to the original of this document, as furnished by the Clerk's office on May 12, 2016.

/s/ Richard B. Webber II
Richard B. Webber II, Trustee in Bankruptcy
Zimmerman, Kiser & Sutcliffe
PO Box 3000
Orlando, FL 32802
(407)425-7010
e-mail: rwebber@zkslawfirm.com


/s/ Gene T. Chambers
Gene T. Chambers, Trustee in Bankruptcy
PO Box 533987
Orlando, FL 32853
(407)872-7575
e-mail: gchamberspa@cfl.rr.com

[11000-827/5412215/1]

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into on May 3, 2016, by and between R.J. REYNOLDS TOBACCO COMPANY, individually, and as successor-in-interest to both Brown & Williamson Tobacco Corporation and the American Tobacco Corporation, and as successor-by-merger to Lorillard Tobacco Company (collectively, "R.J. REYNOLDS"), RICHARD B. WEBBER, as Chapter 7 Trustee for the Bankruptcy Estate of DONALD PIERCE BARBER ("WEBBER") and GENE CHAMBERS, as Chapter 7 Trustee for the Bankruptcy Estate of SUZANNE J. BARBER ("CHAMBERS") (collectively, the "Parties").

I.      The Parties desire to settle and finally resolve all matters which were, or could have been, raised by any current or former party in the lawsuit styled, as of April 29, 2016, as: Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber, Case No. 2008-30102-CICI, in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida Civil Division (the "Lawsuit").

II.     The Parties engaged in settlement negotiations in an effort to resolve and to lay to rest their disputes and differences.

III.    The Parties stipulate and agree to the following:

A.      WEBBER represents and warrants that in his capacity as Chapter 7 Trustee he owns the claims in the Lawsuit being, and which could have been, prosecuted by Suzanne Barber as personal representative of the Estate of Donald Barber.

B.      CHAMBERS represents and warrants that in her capacity as Chapter 7 Trustee she owns the claims in the lawsuit being, and which could have been, prosecuted by Suzanne Barber in her individual capacity.

C.      WEBBER and CHAMBERS were substituted as plaintiffs in the Lawsuit by order of the Court on April 29, 2016. Upon substitution, Suzanne Barber, both individually and in her capacity as personal representative of the estate of Donald Barber, ceased being a party in the Lawsuit.

D.      WEBBER and CHAMBERS agree to vacate the trial date, if any, in the Lawsuit, and will expressly oppose any further amendment of the Complaint.

E.      WEBBER and CHAMBERS agree that R.J. REYNOLDS may submit to the Court in the Lawsuit, the Joint Notice of Settlement and Resolution of Case, set forth in Exhibit "A" hereto, on behalf of the parties.

F.      Within 10 days of the date of this Settlement Agreement, WEBBER agrees to file a motion to approve this Settlement Agreement in the following case: In Re: Bankruptcy Estate of DONALD PIERCE BARBER, Case No. 6:12-BK-00408 (M.D. Fla. Bankr.).

G.    Within 10 days of the date of this Settlement Agreement, CHAMBERS agrees to file a motion to approve this Settlement Agreement in the following case:  In Re: Bankruptcy Estate of SUZANNE J. BARBER, Case No. 6:10-BK-14338 (M.D. Fla. Bankr.).

H.    This Settlement Agreement is contingent upon the approval of the Bankruptcy Court.  Within five (5) days of the date of the filing of a motion to approve this Settlement Agreement pursuant to either paragraph F or G, whichever is later:

     i.    R.J. REYNOLDS will deposit the total sum of Thirty-Five Thousand Dollars ($35,000) (the "Settlement Sum") in a Hill Ward Henderson Trust Account to be held in escrow pending the entry of a final order approving this Settlement Agreement by the Bankruptcy Court in each case;

     ii.    WEBBER will sign, execute and deliver to Hill Ward Henderson, as escrow agent, a Release of All Claims in the form attached hereto as Exhibit "B" (the "Webber Release"); and

     iii.    CHAMBERS will sign, execute and deliver to Hill Ward Henderson, as escrow agent, a Release of All Claims in the form attached hereto as Exhibit "C" (the "Chambers Release").

I.    Within ten (10) days of receiving notification that both of the Bankruptcy Courts in the cases listed in paragraphs F and G, respectively, have approved this Settlement Agreement, Hill Ward Henderson, as escrow agent, shall deliver from escrow:

     i.    the Settlement Sum as follows: Seventeen Thousand Five Hundred Dollars ($17,500) to WEBBER, and Seventeen Thousand Five Hundred Dollars ($17,500) to CHAMBERS. Payment shall be made by check made payable as follows: (i) for WEBBER "Richard B. Webber II, Chapter 7 Trustee", and (ii) for CHAMBERS "Gene Chambers, Chapter 7 Trustee"; and

     ii.    both the Webber Release and the Chambers Release to R.J. REYNOLDS; or

     iii.    In the event either Bankruptcy Court declines to approve the Settlement Agreement, Hill Ward Henderson, as escrow agent, shall deliver the Settlement Sum to R.J. REYNOLDS, the Webber Release to WEBBER and the Chambers Release to CHAMBERS.

J.    Once R.J. REYNOLDS' payment under paragraph I above, has been received by WEBBER and CHAMBERS, the Parties shall submit the final order of dismissal set forth in Exhibit "D" hereto to the Court in the Lawsuit.

K.    This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument.

L.     This Settlement Agreement may not be altered, amended, modified or changed in any respect whatsoever except by a writing duly executed by an authorized representative of each of the parties.

M.     This Settlement Agreement, the Webber Release and the Chambers Release, shall each be binding upon and inure to the benefit of the Parties hereto, their successors and assigns.

N.     Each party represents and warrants that it has the full power and authority to enter into this Settlement Agreement and to perform all duties and obligations herein set forth.  Each signatory to this Settlement Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that party.


_____          ___5/6/16_____
Gene T. Chambers, Esq.                                   Date
**Chapter 7 Trustee for the Bankruptcy Estate of Suzanne J. Barber**


_____          _____
Richard B. Webber II                                      Date
**Chapter 7 Trustee for the Bankruptcy Estate of Donald Pierce Barber**


_____          _____
Troy A. Fuhrman                                           Date
**Attorney for R. J. Reynolds Tobacco Company, individually, and as successor-in-interest to both Brown & Williamson Tobacco Corporation and the American Tobacco Corporation, and as successor-by-merger to Lorillard Tobacco Company**

L.    This Settlement Agreement may not be altered, amended, modified or changed in any respect whatsoever except by a writing duly executed by an authorized representative of each of the parties.

M.    This Settlement Agreement, the Webber Release and the Chambers Release, shall each be binding upon and inure to the benefit of the Parties hereto, their successors and assigns.

N.    Each party represents and warrants that it has the full power and authority to enter into this Settlement Agreement and to perform all duties and obligations herein set forth. Each signatory to this Settlement Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that party.

_____        _____
Gene T. Chambers, Esq.                  Date
**Chapter 7 Trustee for the Bankruptcy Estate of Suzanne J. Barber**

_____        _____
Richard B. Webber II                    Date
**Chapter 7 Trustee for the Bankruptcy Estate of Donald Pierce Barber**

_____        _____
Troy A. Fuhrman                         Date
**Attorney for R. J. Reynolds Tobacco Company, individually, and as successor-in-interest to both Brown & Williamson Tobacco Corporation and the American Tobacco Corporation, and as successor-by-merger to Lorillard Tobacco Company**

L.    This Settlement Agreement may not be altered, amended, modified or changed in any respect whatsoever except by a writing duly executed by an authorized representative of each of the parties.

M.    This Settlement Agreement, the Webber Release and the Chambers Release, shall each be binding upon and inure to the benefit of the Parties hereto, their successors and assigns.

N.    Each party represents and warrants that it has the full power and authority to enter into this Settlement Agreement and to perform all duties and obligations herein set forth. Each signatory to this Settlement Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that party.


_____          _____
Gene T. Chambers, Esq.                      Date
**Chapter 7 Trustee for the Bankruptcy Estate of Suzanne J. Barber**


_____          _____
Richard B. Webber II                        Date
**Chapter 7 Trustee for the Bankruptcy Estate of Donald Pierce Barber**


_____          _____
Troy A. Fuhrman                             Date          5/6/16
**Attorney for R. J. Reynolds Tobacco Company, individually, and as successor-in-interest to both Brown & Williamson Tobacco Corporation and the American Tobacco Corporation, and as successor-by-merger to Lorillard Tobacco Company**

A

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION

RICHARD B. WEBBER, as Trustee of the
Estate of DONALD PIERCE BARBER, and
GENE CHAMBERS, as Trustee of the Estate
of SUZANNE J. BARBER,

       Plaintiffs,

vs.

R. J. REYNOLDS TOBACCO COMPANY,
et al.,

       Defendants.

CASE NO: 2008-30102-CICI

### JOINT NOTICE OF SETTLEMENT AND RESOLUTION OF CASE

Plaintiffs Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber, and Defendants R. J. Reynolds Tobacco Company, individually and as successor-in-interest to both Brown & Williamson Tobacco Corporation and the American Tobacco Corporation, and as successor-by-merger to Lorillard Tobacco Company, and Philip Morris USA Inc. (collectively, the "Parties") hereby notify the Court that the present action has been resolved pursuant to the agreement of the Parties, and state:

1.     The Parties have agreed to resolve all claims that had been brought or could have been brought at any time in this matter with prejudice.

2.     Plaintiffs Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber, will seek approval of the

settlement from the Bankruptcy Courts pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3.     Once the settlement is approved by the Bankruptcy Courts, the Parties will submit an agreed order of dismissal with prejudice, with each side to bear their own fees and costs.

4.     The Parties jointly request that the Court hold this action in abeyance pending Bankruptcy Court approval of the settlement, and accordingly cancel the hearing set by the Court for May 9, 2016.

Respectfully submitted,

s/ Gene T. Chambers
Gene T. Chambers, Esq.
Florida Bar No. 187642
Post Office Box 533987
Orlando, FL 32853
(407) 872-7575
**Trustee of the Estate of Suzanne J. Barber**

s/ Troy A. Fuhrman
Troy A. Fuhrman
Florida Bar No. 985211
HILL WARD HENDERSON
101 East Kennedy Boulevard, Suite 3700
Post Office Box 2231
Tampa, FL 33601
(813) 221-3900
FAX: (813) 221-2900
**Attorney for Defendant**
**R. J. Reynolds Tobacco Company**

s/ Richard B. Webber
Richard B. Webber II
Florida Bar No. 608394
Zimmerman, Kiser & Sutcliffe, P.A.
315 East Robinson Street, Suite 600
Orlando, Florida 32801
Phone:    (407) 425-7010
Facsimile: (407) 425-2747
**Trustee of the Estate of Donald Pierce Barber**

s/ Jennifer Voss
Jennifer Voss, Esq.
Florida Bar No. 0016285
SHOOK, HARDY & BACON, LLP
100 North Tampa Street, Suite 2900
Tampa, FL 33602
PH: 813-202-7100
FAX: 813-221-8837
**Attorney for Defendant Philip Morris USA Inc.**

## CERTIFICATE OF SERVICE

I HEREBY certify that on _____, 2016, I electronically filed the foregoing with

the Clerk of the Court by using the Florida Courts E-Filing Portal.

I HEREBY FURTHER CERTIFY that a true and correct copy of the foregoing was

served by E-Mail on counsel and parties listed below this _____ day of _____, 2016.

**Attorneys for Suzanne Barber:**
Willie E. Gary, Esq.
Donald N. Watson, Esq.
Glenn Crickenberger, Esq.
Natasha N. Harrison, Esq.
GARY, WILLIAMS, PARENTI,
  WATSON & GARY, P.L.
221 E. Osceola Street
Stuart, FL 34994
PH: 772-283-8260
FAX: 772-463-1766
weg@williegary.com
dnw@williegary.com
natasha@williegary.com
cscott@williegary.com
cva@williegary.com
tobacco.efile@williegary.com

Gene T. Chambers, Esq.
Post Office Box 533987
Orlando, FL 32853
**Trustee of the Estate of Suzanne J. Barber**

Richard B. Webber II
Zimmerman, Kiser & Sutcliffe, P.A.
315 East Robinson Street, Suite 600
Orlando, Florida 32801
Phone:   (407) 425-7010
Facsimile: (407) 425-2747
**Trustee of the Estate of Donald Pierce Barber**

**Attorney for Defendant Philip Morris USA Inc.:**
Jennifer M. Voss, Esq.
SHOOK, HARDY & BACON, LLP
100 North Tampa Street, Suite 2900
Tampa, FL 33602
PH: 813-202-7100
FAX: 813-221-8837
jvoss@shb.com
SHBPMAttyVolusia@shb.com

**Attorney for Defendant Philip Morris USA Inc.:**
Frank Cruz-Alvarez, Esq.
SHOOK, HARDY & BACON, LLP
201 South Biscayne Blvd., Suite 2400
Miami, FL 33131
PH: 305-358-5171
FAX: 305-358-7470
falvarez@shb.com
SHBPMAttyVolusia@shb.com

s/ Troy A. Fuhrman
Troy A. Fuhrman
Attorney for R. J. Reynolds Tobacco Company,
individually and as successor-by-merger to
Lorillard Tobacco Company

# B

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment to the Bankruptcy Estate of DONALD PIERCE BARBER, Case No. 6:12-BK-00408 (M.D. Fla. Bankr.), of the sum of SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS ($17,500.00), the receipt and sufficiency of which is hereby acknowledged, RICHARD B. WEBBER, as Trustee for the Bankruptcy Estate of DONALD PIERCE BARBER, Case No. 6:12-BK-00408 (M.D. Fla. Bankr.) ("Releasor"), does hereby fully, finally, and forever remise, release, acquit, satisfy and forever discharge R. J. REYNOLDS TOBACCO COMPANY, individually, and as successor-in-interest to both Brown & Williamson Tobacco Corporation and the American Tobacco Corporation, and as successor-by-merger to Lorillard Tobacco Company (collectively, "R. J. REYNOLDS"), its heirs, executors, administrators, representatives, attorneys, successors, predecessors, officers, directors, parents, subsidiaries, assigns, servants, agents, and employees ("Releasee"), from any and all liabilities, claims, actions, causes of action, demands, damages, rights, losses, costs, expenses, interest, attorneys' fees, and any other compensation whatsoever, which Releasor now has, or which may hereafter accrue, including but not limited to all known and unknown damages (including any claims for punitive damages), claims for fraud in the inducement, claims for interest, attorneys' fees, costs, or expenses, resulting or to result, including but not limited to claims made or which could have been made in that certain lawsuit filed in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division, styled as of May 3, 2016 as: *Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber,* Case No. 2008-30102-CICI.

As further consideration of the above-mentioned Payment, Releasor hereby agrees to dismiss with prejudice any actions or claims against Releasee, now pending in the United States

District Court for the Middle District of Florida, styled as In Re: Estate of DONALD PIERCE

BARBER, Case No. 6:12-BK-00408 (M.D. Fla. Bankr.),

It is understood and agreed that this settlement is a compromise of a doubtful and

disputed claim; that the payment made is not to be construed as an admission of liability on the

part of any party hereby released; that this settlement is not to be construed as an admission as to

the nature and extent of any damage allegedly sustained by Releasor; and that Releasee denies

any liability and intends merely to settle the litigation and to buy peace.

Releasor declares and represents that no promises, inducements, or agreements not herein

expressed have been made or offered to him, and that this Release of All Claims is not executed

in reliance upon any statement or representation made by Releasee or Releasee's representatives

or agents, except as specifically set out herein.

Releasor declares and represents that the above-mentioned consideration is hereby

accepted in full compromise, settlement, and accord and satisfaction of all of the aforesaid

liabilities, claims, actions, demands, and suits that he may have against Releasee, including all

consequences thereof, which may hereafter develop as well as those already developed or now

apparent.

Releasor understands and acknowledges that Releasee has a legal obligation under

Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") to report

certain information and payments to the Secretary of the Department of Health and Human

Services (the "Secretary") and/or Medicare. Releasor also acknowledges that Releasee is

required under Section 111 of the MMSEA to identify the nature of decedent DONALD

BARBER'S ("Decedent'"s) illness or injury at issue, as well as other such information about

Plaintiff, Decedent, Releasor, Plaintiff's and Releasor's counsel, and the product involved, as

specified by the Secretary to enable an appropriate determination concerning coordination of Medicare benefits, including any applicable recovery claim. Releasor agrees to cooperate fully with Releasee, its counsel, and its agents by executing any and all documents and providing such additional information as may be required by or on behalf of Releasee to comply with the mandatory Medicare reporting requirements of MMSEA.

> Releasor and Releasor's counsel acknowledge and understand that in reaching this agreement the parties have considered the interest of Medicare, if any, in recovering payments made for medical treatment rendered as a result of the claims Releasor has alleged.

> Releasor declares and represents that he has the legal authority to compromise this claim and execute this Release of All Claims.

> Releasor declares and represents that he has been fully advised by his own legal counsel before signing this Release of All Claims.

It is understood and agreed that this Release of All Claims contains the entire agreement between the parties and that the terms and provisions of this Release of All Claims are contractual and not mere recitals. This Release of All Claims is governed by Florida law. Accordingly, any disputes arising out of the provisions of this Release of All Claims shall be governed by Florida law.

It is understood and agreed that this Release of All Claims includes all claims, if any, for attorneys' liens.

*[**Signature Page to Follow**]*

BEFORE SIGNING BELOW, THE UNDERSIGNED DECLARES THAT HE IS LEGALLY COMPETENT, THAT HE HAS READ THE FOREGOING AND FULLY UNDERSTANDS IT, AND THAT HE VOLUNTARILY EXECUTES THE SAME WITH FULL KNOWLEDGE OF ITS CONTENTS AND MEANING FOR THE PURPOSE OF INDUCING THE ABOVE-SPECIFIED PAYMENT.

Dated this ___ day of _____ 2016.


_____
RICHARD B. WEBBER, as Trustee for the
Bankruptcy Estate of DONALD PIERCE
BARBER


State of _____ )
                               )
County of _____ )

Now on this _____ day of _____ 2016_, before me appeared RICHARD B. WEBBER, who is known to me or has produced a_____
as identification, who read and executed the above and foregoing Release of All Claims and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS WHEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


_____
NOTARY PUBLIC

My Commission Expires:

C

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment to the Bankruptcy Estate of SUZANNE J. BARBER, Case No. 6:10-BK-14338 (M.D. Fla. Bankr.), of the sum of SEVENTEEN THOUSAND FIVE THOUSAND DOLLARS ($17,500.00), the receipt and sufficiency of which is hereby acknowledged, GENE CHAMBERS, as Trustee for the Bankruptcy Estate of SUZANNE J. BARBER, Case No. 6:10-BK-14338 (M.D. Fla. Bankr.) ("Releasor"), does hereby fully, finally, and forever remise, release, acquit, satisfy and forever discharge R J. REYNOLDS TOBACCO COMPANY, individually, and as successor-in-interest to both Brown & Williamson Tobacco Corporation and the American Tobacco Corporation, and as successor-by-merger to Lorillard Tobacco Company (collectively, "R. J. REYNOLDS"), its heirs, executors, administrators, representatives, attorneys, successors, predecessors, officers, directors, parents, subsidiaries, assigns, servants, agents, and employees ("Releasee"), from any and all liabilities, claims, actions, causes of action, demands, damages, rights, losses, costs, expenses, interest, attorneys' fees, and any other compensation whatsoever, which Releasor now has, or which may hereafter accrue, including but not limited to all known and unknown damages (including any claims for punitive damages), claims for fraud in the inducement, claims for interest, attorneys' fees, costs, or expenses, resulting or to result, including but not limited to claims made or which could have been made in that certain lawsuit filed in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division, styled as of May 3, 2016 as: *Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber,* Case No. 2008-30102-CICI.

As further consideration of the above-mentioned Payment, Releasor hereby agrees to dismiss with prejudice any actions or claims against Releasee, now pending in the United States

District Court for the Middle District of Florida, styled as In Re: SUZANNE J. BARBER, Case No. 6:10-BK-14338 (M.D. Fla. Bankr.).

It is understood and agreed that this settlement is a compromise of a doubtful and disputed claim; that the payment made is not to be construed as an admission of liability on the part of any party hereby released; that this settlement is not to be construed as an admission as to the nature and extent of any damage allegedly sustained by Releasor; and that Releasee denies any liability and intends merely to settle the litigation and to buy peace.

Releasor declares and represents that no promises, inducements, or agreements not herein expressed have been made or offered to him, and that this Release of All Claims is not executed in reliance upon any statement or representation made by Releasee or Releasee's representatives or agents, except as specifically set out herein.

Releasor declares and represents that the above-mentioned consideration is hereby accepted in full compromise, settlement, and accord and satisfaction of all of the aforesaid liabilities, claims, actions, demands, and suits that he may have against Releasee, including all consequences thereof, which may hereafter develop as well as those already developed or now apparent.

Releasor understands and acknowledges that Releasee has a legal obligation under Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") to report certain information and payments to the Secretary of the Department of Health and Human Services (the "Secretary") and/or Medicare. Releasor also acknowledges that Releasee is required under Section 111 of the MMSEA to identify the nature of decedent DONALD BARBER'S ("Decedent"'s) illness or injury at issue, as well as other such information about Plaintiff, Decedent, Releasor, Plaintiff's and Releasor's counsel, and the product involved, as

specified by the Secretary to enable an appropriate determination concerning coordination of Medicare benefits, including any applicable recovery claim. Releasor agrees to cooperate fully with Releasee, its counsel, and its agents by executing any and all documents and providing such additional information as may be required by or on behalf of Releasee to comply with the mandatory Medicare reporting requirements of MMSEA.

Releasor and Releasor's counsel acknowledge and understand that in reaching this agreement the parties have considered the interest of Medicare, if any, in recovering payments made for medical treatment rendered as a result of the claims Releasor has alleged.

Releasor declares and represents that he has the legal authority to compromise this claim and execute this Release of All Claims.

Releasor declares and represents that he has been fully advised by his own legal counsel before signing this Release of All Claims.

It is understood and agreed that this Release of All Claims contains the entire agreement between the parties and that the terms and provisions of this Release of All Claims are contractual and not mere recitals. This Release of All Claims is governed by Florida law. Accordingly, any disputes arising out of the provisions of this Release of All Claims shall be governed by Florida law.

It is understood and agreed that this Release of All Claims includes all claims, if any, for attorneys' liens.

*[**Signature Page to Follow**]*

BEFORE SIGNING BELOW, THE UNDERSIGNED DECLARES THAT SHE IS LEGALLY COMPETENT, THAT SHE HAS READ THE FOREGOING AND FULLY UNDERSTANDS IT, AND THAT SHE VOLUNTARILY EXECUTES THE SAME WITH FULL KNOWLEDGE OF ITS CONTENTS AND MEANING FOR THE PURPOSE OF INDUCING THE ABOVE-SPECIFIED PAYMENT.

Dated this ___day of _____ 2016.


_____
GENE CHAMBERS, as Trustee for the
Bankruptcy Estate of SUZANNE J.
BARBER


State of                              )
                                     )
County of _____)

Now on this_____day of ___ _____2016, before me appeared GENE CHAMBERS, who is known to me or has produced a_____ as identification, who read and executed the above and foregoing Release of All Claims and who acknowledged the execution of the same as her free and voluntary act and deed with full knowledge of its contents.

IN WITNESS WHEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


_____
NOTARY PUBLIC

My Commission Expires:

D

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## IN VOLUSIA COUNTY, FLORIDA
## CIVIL DIVISION

RICHARD B. WEBBER, as Trustee of the
Estate of DONALD PIERCE BARBER, and
GENE CHAMBERS, as Trustee of the Estate
of SUZANNE J. BARBER,

       Plaintiffs,

vs.

R. J. REYNOLDS TOBACCO COMPANY,
et al.,

       Defendants.

CASE NO: 2008-30102-CICI

### ORDER OF DISMISSAL

THIS MATTER has come before the Court pursuant to the parties' Joint Notice of Settlement and Resolution of Case. The parties have resolved all claims in this matter and, as such, stipulate that this action shall be dismissed with prejudice. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this case is **DISMISSED**, with prejudice, with each side to bear their own fees and costs.

DONE AND ORDERED in Chambers at Volusia County, Florida this _____ day of May, 2016.

 

                       _____
                       Honorable Dennis Craig
                       Circuit Judge

Copies furnished to:
All Counsel of Record

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into on May 3, 2016, by and between PHILIP MORRIS USA INC. ("PM USA"), RICHARD B. WEBBER, as Chapter 7 Trustee for the Bankruptcy Estate of DONALD PIERCE BARBER ("WEBBER") and GENE CHAMBERS, as Chapter 7 Trustee for the Bankruptcy Estate of SUZANNE J. BARBER ("CHAMBERS") (collectively, the "Parties").

I.    The Parties desire to settle and finally resolve all matters which were, or could have been, raised by any current or former party in the lawsuit styled, as of April 29, 2016, as: Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber, Case No. 2008-30102-CICI, in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida Civil Division (the "Lawsuit").

II.    The Parties engaged in settlement negotiations in an effort to resolve and to lay to rest their disputes and differences.

III.    The Parties stipulate and agree to the following:

A.    WEBBER represents and warrants that in his capacity as Chapter 7 Trustee he owns the claims in the Lawsuit being, and which could have been, prosecuted by Suzanne Barber as personal representative of the Estate of Donald Barber.

B.    CHAMBERS represents and warrants that in her capacity as Chapter 7 Trustee she owns the claims in the lawsuit being, and which could have been, prosecuted by Suzanne Barber in her individual capacity.

C.    WEBBER and CHAMBERS were substituted as plaintiffs in the Lawsuit by order of the Court on April 29, 2016. Upon substitution, Suzanne Barber, both individually and in her capacity as personal representative of the estate of Donald Barber, ceased being a party in the Lawsuit.

D.    WEBBER and CHAMBERS agree to vacate the trial date, if any, in the Lawsuit, and will expressly oppose any further amendment of the Complaint.

E.    WEBBER and CHAMBERS agree that PM USA may submit to the Court in the Lawsuit, the Joint Notice of Settlement and Resolution of Case, set forth in Exhibit "A" hereto, on behalf of the parties.

F.    Within 10 days of the date of this Settlement Agreement, WEBBER agrees to file a motion to approve this Settlement Agreement in the following case:  In Re: Bankruptcy Estate of DONALD PIERCE BARBER, Case No. 6:12-BK-00408 (M.D. Fla. Bankr.).

G.    Within 10 days of the date of this Settlement Agreement, CHAMBERS agrees to file a motion to approve this Settlement Agreement in the following case:  In Re: Bankruptcy Estate of SUZANNE J. BARBER, Case No. 6:10-BK-14338 (M.D. Fla. Bankr.).

H.     This Settlement Agreement is contingent upon the approval of the Bankruptcy Court. Within five (5) days of the date of the filing of a motion to approve this Settlement Agreement pursuant to either paragraph F or G, whichever is later:

       i.     PM USA will deposit the total sum of Thirty Thousand Dollars ($30,000) (the "Settlement Sum") in a Hill Ward Henderson Trust Account to be held in escrow pending the entry of a final order approving this Settlement Agreement by the Bankruptcy Court in each case;

       ii.     WEBBER will sign, execute and deliver to Hill Ward and Henderson, as escrow agent, a Release of All Claims in the form attached hereto as Exhibit "B" (the "Webber Release"); and

       iii.     CHAMBERS will sign, execute and deliver to Hill Ward and Henderson, as escrow agent, a Release of All Claims in the form attached hereto as Exhibit "C" (the "Chambers Release").

I.     Within ten (10) days of receiving notification that both of the Bankruptcy Courts in the cases listed in paragraphs F and G, respectively, have approved this Settlement Agreement, Hill Ward and Henderson, as escrow agent, shall deliver from escrow:

       i.     the Settlement Sum as follows: Fifteen Thousand Dollars ($15,000) to WEBBER, and Fifteen Thousand Dollars ($15,000) to CHAMBERS. Payment shall be made by check made payable as follows: (i) for WEBBER "Richard B. Webber II, Chapter 7 Trustee", and (ii) for CHAMBERS "Gene Chambers, Chapter 7 Trustee"; and

       ii.     both the Webber Release and the Chambers Release to PM USA; or

       iii.     In the event either Bankruptcy Court declines to approve the Settlement Agreement, Hill Ward Henderson, as escrow agent, shall deliver the Settlement Sum to PM USA, the Webber Release to WEBBER and the Chambers Release to CHAMBERS.

J.     Once PM USA's payment under paragraph I above has been received by WEBBER and CHAMBERS, the Parties shall submit the final order of dismissal set forth in Exhibit "D" hereto to the Court in the Lawsuit.

K.     This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument.

L.     This Settlement Agreement may not be altered, amended, modified or changed in any respect whatsoever except by a writing duly executed by an authorized representative of each of the parties.

M.     This Settlement Agreement, the Webber Release and the Chambers Release, shall each be binding upon and inure to the benefit of the Parties hereto, their successors and assigns.

N.      Each party represents and warrants that it has the full power and authority to enter into this Settlement Agreement and to perform all duties and obligations herein set forth. Each signatory to this Settlement Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that party.

_____          _____5/6/16_____
Gene T. Chambers, Esq.                                    Date
**Chapter 7 Trustee for the Bankruptcy Estate of Suzanne J. Barber**


_____          _____
Richard B. Webber II                                      Date
**Chapter 7 Trustee for the Bankruptcy Estate of Donald Pierce Barber**


_____          _____
Jennifer Voss                                             Date
**Attorney for Philip Morris USA Inc.**

N.    Each party represents and warrants that it has the full power and authority to enter into this Settlement Agreement and to perform all duties and obligations herein set forth.  Each signatory to this Settlement Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that party.


_____          _____  _____

Gene T. Chambers, Esq.                                   Date
**Chapter 7 Trustee for the Bankruptcy Estate of Suzanne J. Barber**

_____          _____

Richard B. Webber II                                      Date
**Chapter 7 Trustee for the Bankruptcy Estate of Donald Pierce Barber**


_____          _____

Jennifer Voss                                            Date
**Attorney for Philip Morris USA Inc.**

    N.      Each party represents and warrants that it has the full power and authority to enter into this Settlement Agreement and to perform all duties and obligations herein set forth. Each signatory to this Settlement Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that party.


_____        _____
Gene T. Chambers, Esq.                   Date
**Chapter 7 Trustee for the Bankruptcy Estate of Suzanne J. Barber**


_____        _____
Richard B. Webber II                      Date
**Chapter 7 Trustee for the Bankruptcy Estate of Donald Pierce Barber**


_____        5/6/16_____
Jennifer Voss                             Date
**Attorney for Philip Morris USA Inc.**



IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION

RICHARD B. WEBBER, as Trustee of the
Estate of DONALD PIERCE BARBER, and
GENE CHAMBERS, as Trustee of the Estate
of SUZANNE J. BARBER,

        Plaintiffs,

vs.

R. J. REYNOLDS TOBACCO COMPANY,
et al.,

        Defendants.

CASE NO: 2008-30102-CICI

### JOINT NOTICE OF SETTLEMENT AND RESOLUTION OF CASE

Plaintiffs Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber, and Defendants R. J. Reynolds Tobacco Company, individually and as successor-in-interest to both Brown & Williamson Tobacco Corporation and the American Tobacco Corporation, and as successor-by-merger to Lorillard Tobacco Company, and Philip Morris USA Inc. (collectively, the "Parties") hereby notify the Court that the present action has been resolved pursuant to the agreement of the Parties, and state:

1.     The Parties have agreed to resolve all claims that had been brought or could have been brought at any time in this matter with prejudice.

2.     Plaintiffs Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber, will seek approval of the

settlement from the Bankruptcy Courts pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3.    Once the settlement is approved by the Bankruptcy Courts, the Parties will submit an agreed order of dismissal with prejudice, with each side to bear their own fees and costs.

4.    The Parties jointly request that the Court hold this action in abeyance pending Bankruptcy Court approval of the settlement, and accordingly cancel the hearing set by the Court for May 9, 2016.

Respectfully submitted,

s/  Gene T. Chambers
Gene T. Chambers, Esq.
Florida Bar No. 187642
Post Office Box 533987
Orlando, FL 32853
(407) 872-7575
**Trustee of the Estate of Suzanne J. Barber**

s/ Troy A. Fuhrman
Troy A. Fuhrman
Florida Bar No. 985211
HILL WARD HENDERSON
101 East Kennedy Boulevard, Suite 3700
Post Office Box 2231
Tampa, FL  33601
(813) 221-3900
FAX:  (813) 221-2900
**Attorney for Defendant**
**R. J. Reynolds Tobacco Company**

s/  Richard B. Webber
Richard B. Webber II
Florida Bar No. 608394
Zimmerman, Kiser & Sutcliffe, P.A.
315 East Robinson Street, Suite 600
Orlando, Florida 32801
Phone:    (407) 425-7010
Facsimile: (407) 425-2747
**Trustee of the Estate of Donald Pierce Barber**

s/ Jennifer Voss
Jennifer Voss, Esq.
Florida Bar No. 0016285
SHOOK, HARDY & BACON, LLP
100 North Tampa Street, Suite 2900
Tampa, FL  33602
PH: 813-202-7100
FAX:  813-221-8837
**Attorney for Defendant Philip Morris USA Inc.**

## CERTIFICATE OF SERVICE

I HEREBY certify that on _____, 2016, I electronically filed the foregoing with

the Clerk of the Court by using the Florida Courts E-Filing Portal.

I HEREBY FURTHER CERTIFY that a true and correct copy of the foregoing was

served by E-Mail on counsel and parties listed below this _____ day of _____, 2016.

**Attorneys for Suzanne Barber:**
Willie E. Gary, Esq.
Donald N. Watson, Esq.
Glenn Crickenberger, Esq.
Natasha N. Harrison, Esq.
GARY, WILLIAMS, PARENTI,
   WATSON & GARY, P.L.
221 E. Osceola Street
Stuart, FL 34994
PH: 772-283-8260
FAX: 772-463-1766
weg@williegary.com
dnw@williegary.com
natasha@williegary.com
cscott@williegary.com
eva@williegary.com
tobacco.efile@williegary.com

Gene T. Chambers, Esq.
Post Office Box 533987
Orlando, FL 32853
**Trustee of the Estate of Suzanne J. Barber**

Richard B. Webber II
Zimmerman, Kiser & Sutcliffe, P.A.
315 East Robinson Street, Suite 600
Orlando, Florida 32801
Phone:   (407) 425-7010
Facsimile: (407) 425-2747
**Trustee of the Estate of Donald Pierce Barber**

**Attorney for Defendant Philip Morris USA Inc.:**
Jennifer M. Voss, Esq.
SHOOK, HARDY & BACON, LLP
100 North Tampa Street, Suite 2900
Tampa, FL  33602
PH: 813-202-7100
FAX:  813-221-8837
jvoss@shb.com
SHBPMAttyVolusia@shb.com

234921 v1

**Attorney for Defendant Philip Morris USA Inc.:**
Frank Cruz-Alvarez, Esq.
SHOOK, HARDY & BACON, LLP
201 South Biscayne Blvd., Suite 2400
Miami, FL 33131
PH: 305-358-5171
FAX: 305-358-7470
falvarez@shb.com
SHBPMAttyVolusia@shb.com

s/ Troy A. Fuhrman

Troy A. Fuhrman
Attorney for R. J. Reynolds Tobacco Company,
individually and as successor-by-merger to
Lorillard Tobacco Company

B

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment to the Bankruptcy Estate of DONALD PIERCE BARBER, Case No. 6:12-BK-00408 (M.D. Fla. Bankr.), of the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00), the receipt and sufficiency of which is hereby acknowledged, RICHARD B. WEBBER, as Trustee for the Bankruptcy Estate of DONALD PIERCE BARBER, Case No. 6:12-BK-00408 (M.D. Fla. Bankr.) ("Releasor"), does hereby fully, finally, and forever remise, release, acquit, satisfy and forever discharge PHILIP MORRIS USA INC., its heirs, executors, administrators, representatives, attorneys, successors, predecessors, officers, directors, parents, subsidiaries, assigns, servants, agents, and employees ("Releasee"), from any and all liabilities, claims, actions, causes of action, demands, damages, rights, losses, costs, expenses, interest, attorneys' fees, and any other compensation whatsoever, which Releasor now has, or which may hereafter accrue, including but not limited to all known and unknown damages (including any claims for punitive damages), claims for fraud in the inducement, claims for interest, attorneys' fees, costs, or expenses, resulting or to result, including but not limited to claims made or which could have been made in that certain lawsuit filed in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division, styled as of May 3, 2016 as: *Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber*, Case No. 2008-30102-CICI.

As further consideration of the above-mentioned Payment, Releasor hereby agrees to dismiss with prejudice any actions or claims against Releasee, now pending in the United States District Court for the Middle District of Florida, styled as In Re: Estate of DONALD PIERCE BARBER, Case No. 6:12-BK-00408 (M.D. Fla. Bankr.),

It is understood and agreed that this settlement is a compromise of a doubtful and disputed claim; that the payment made is not to be construed as an admission of liability on the part of any party hereby released; that this settlement is not to be construed as an admission as to the nature and extent of any damage allegedly sustained by Releasor; and that Releasee denies any liability and intends merely to settle the litigation and to buy peace.

Releasor declares and represents that no promises, inducements, or agreements not herein expressed have been made or offered to him, and that this Release of All Claims is not executed in reliance upon any statement or representation made by Releasee or Releasee's representatives or agents, except as specifically set out herein.

Releasor declares and represents that the above-mentioned consideration is hereby accepted in full compromise, settlement, and accord and satisfaction of all of the aforesaid liabilities, claims, actions, demands, and suits that he may have against Releasee, including all consequences thereof, which may hereafter develop as well as those already developed or now apparent.

Releasor understands and acknowledges that Releasee has a legal obligation under Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") to report certain information and payments to the Secretary of the Department of Health and Human Services (the "Secretary") and/or Medicare. Releasor also acknowledges that Releasee is required under Section 111 of the MMSEA to identify the nature of decedent DONALD BARBER'S ("Decedent"'s) illness or injury at issue, as well as other such information about Plaintiff, Decedent, Releasor, Plaintiff's and Releasor's counsel, and the product involved, as specified by the Secretary to enable an appropriate determination concerning coordination of Medicare benefits, including any applicable recovery claim. Releasor agrees to cooperate fully

with Releasee, its counsel, and its agents by executing any and all documents and providing such additional information as may be required by or on behalf of Releasee to comply with the mandatory Medicare reporting requirements of MMSEA.

Releasor and Releasor's counsel acknowledge and understand that in reaching this agreement the parties have considered the interest of Medicare, if any, in recovering payments made for medical treatment rendered as a result of the claims Releasor has alleged.

Releasor declares and represents that he has the legal authority to compromise this claim and execute this Release of All Claims.

Releasor declares and represents that he has been fully advised by his own legal counsel before signing this Release of All Claims.

It is understood and agreed that this Release of All Claims contains the entire agreement between the parties and that the terms and provisions of this Release of All Claims are contractual and not mere recitals. This Release of All Claims is governed by Florida law. Accordingly, any disputes arising out of the provisions of this Release of All Claims shall be governed by Florida law.

It is understood and agreed that this Release of All Claims includes all claims, if any, for attorneys' liens.

*[**Signature Page to Follow**]*

BEFORE SIGNING BELOW, THE UNDERSIGNED DECLARES THAT HE IS LEGALLY COMPETENT, THAT HE HAS READ THE FOREGOING AND FULLY UNDERSTANDS IT, AND THAT HE VOLUNTARILY EXECUTES THE SAME WITH FULL KNOWLEDGE OF ITS CONTENTS AND MEANING FOR THE PURPOSE OF INDUCING THE ABOVE-SPECIFIED PAYMENT.

Dated this ___ day of _____ 2016.


_____
RICHARD B. WEBBER, as Trustee for the
Bankruptcy Estate of DONALD PIERCE
BARBER

State of                           )
                                   )
County of _____)

Now on this_____day of _____2016, before me appeared RICHARD B. WEBBER, who is known to me or has produced a_____ as identification, who read and executed the above and foregoing Release of All Claims and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS WHEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


_____
NOTARY PUBLIC

My Commission Expires:

C

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment to the Bankruptcy Estate of SUZANNE J. BARBER, Case No. 6:10-BK-14338 (M.D. Fla. Bankr.), of the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00), the receipt and sufficiency of which is hereby acknowledged, GENE CHAMBERS, as Trustee for the Bankruptcy Estate of SUZANNE J. BARBER, Case No. 6:10-BK-14338 (M.D. Fla. Bankr.) ("Releasor"), does hereby fully, finally, and forever remise, release, acquit, satisfy and forever discharge PHILIP MORRIS USA INC., its heirs, executors, administrators, representatives, attorneys, successors, predecessors, officers, directors, parents, subsidiaries, assigns, servants, agents, and employees ("Releasee"), from any and all liabilities, claims, actions, causes of action, demands, damages, rights, losses, costs, expenses, interest, attorneys' fees, and any other compensation whatsoever, which Releasor now has, or which may hereafter accrue, including but not limited to all known and unknown damages (including any claims for punitive damages), claims for fraud in the inducement, claims for interest, attorneys' fees, costs, or expenses, resulting or to result, including but not limited to claims made or which could have been made in that certain lawsuit filed in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division, styled as of May 3, 2016 as: *Richard B. Webber, as Trustee of the Estate of Donald Pierce Barber, and Gene Chambers, as Trustee of the Estate of Suzanne J. Barber,* Case No. 2008-30102-CICI.

As further consideration of the above-mentioned Payment, Releasor hereby agrees to dismiss with prejudice any actions or claims against Releasee, now pending in the United States District Court for the Middle District of Florida, styled as In Re: SUZANNE J. BARBER, Case No. 6:10-BK-14338 (M.D. Fla. Bankr.).

It is understood and agreed that this settlement is a compromise of a doubtful and disputed claim; that the payment made is not to be construed as an admission of liability on the

part of any party hereby released; that this settlement is not to be construed as an admission as to the nature and extent of any damage allegedly sustained by Releasor; and that Releasee denies any liability and intends merely to settle the litigation and to buy peace.

Releasor declares and represents that no promises, inducements, or agreements not herein expressed have been made or offered to him, and that this Release of All Claims is not executed in reliance upon any statement or representation made by Releasee or Releasee's representatives or agents, except as specifically set out herein.

Releasor declares and represents that the above-mentioned consideration is hereby accepted in full compromise, settlement, and accord and satisfaction of all of the aforesaid liabilities, claims, actions, demands, and suits that he may have against Releasee, including all consequences thereof, which may hereafter develop as well as those already developed or now apparent.

Releasor understands and acknowledges that Releasee has a legal obligation under Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") to report certain information and payments to the Secretary of the Department of Health and Human Services (the "Secretary") and/or Medicare. Releasor also acknowledges that Releasee is required under Section 111 of the MMSEA to identify the nature of decedent DONALD BARBER'S ("Decedent"'s) illness or injury at issue, as well as other such information about Plaintiff, Decedent, Releasor, Plaintiff's and Releasor's counsel, and the product involved, as specified by the Secretary to enable an appropriate determination concerning coordination of Medicare benefits, including any applicable recovery claim. Releasor agrees to cooperate fully with Releasee, its counsel, and its agents by executing any and all documents and providing such

additional information as may be required by or on behalf of Releasee to comply with the mandatory Medicare reporting requirements of MMSEA.

Releasor and Releasor's counsel acknowledge and understand that in reaching this agreement the parties have considered the interest of Medicare, if any, in recovering payments made for medical treatment rendered as a result of the claims Releasor has alleged.

Releasor declares and represents that he has the legal authority to compromise this claim and execute this Release of All Claims.

Releasor declares and represents that he has been fully advised by his own legal counsel before signing this Release of All Claims.

It is understood and agreed that this Release of All Claims contains the entire agreement between the parties and that the terms and provisions of this Release of All Claims are contractual and not mere recitals. This Release of All Claims is governed by Florida law. Accordingly, any disputes arising out of the provisions of this Release of All Claims shall be governed by Florida law.

It is understood and agreed that this Release of All Claims includes all claims, if any, for attorneys' liens.

*[Signature Page to Follow]*

BEFORE SIGNING BELOW, THE UNDERSIGNED DECLARES THAT SHE IS LEGALLY COMPETENT, THAT SHE HAS READ THE FOREGOING AND FULLY UNDERSTANDS IT, AND THAT SHE VOLUNTARILY EXECUTES THE SAME WITH FULL KNOWLEDGE OF ITS CONTENTS AND MEANING FOR THE PURPOSE OF INDUCING THE ABOVE-SPECIFIED PAYMENT.

Dated this ___day of _____ 2016.


_____
GENE CHAMBERS, as Trustee for the
Bankruptcy Estate of SUZANNE J.
BARBER


State of                                )
                                           )
County of _____)

Now on this_____day of ___ _____2016, before me appeared GENE CHAMBERS, who is known to me or has produced a_____ as identification, who read and executed the above and foregoing Release of All Claims and who acknowledged the execution of the same as her free and voluntary act and deed with full knowledge of its contents.

IN WITNESS WHEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


_____
NOTARY PUBLIC

My Commission Expires:

# D

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## IN VOLUSIA COUNTY, FLORIDA
## CIVIL DIVISION

RICHARD B. WEBBER, as Trustee of the
Estate of DONALD PIERCE BARBER, and
GENE CHAMBERS, as Trustee of the Estate
of SUZANNE J. BARBER,

      Plaintiffs,

vs.

CASE NO: 2008-30102-CICI

R. J. REYNOLDS TOBACCO COMPANY,
et al.,

      Defendants.

## ORDER OF DISMISSAL

THIS MATTER has come before the Court pursuant to the parties' Joint Notice of Settlement and Resolution of Case. The parties have resolved all claims in this matter and, as such, stipulate that this action shall be dismissed with prejudice. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this case is **DISMISSED**, with prejudice, with each side to bear their own fees and costs.

DONE AND ORDERED in Chambers at Volusia County, Florida this _____ day of May, 2016.

 

 

_____
Honorable Dennis Craig
Circuit Judge

Copies furnished to:
All Counsel of Record